**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN-MARIE ADAMS, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:05-cv-01482-WWE |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| RAINBOW CT HOLDINGS, INC. | : | |
| Defendant. | : | NOVEMBER 17, 2005 |

## FIRST SUBSTITUTED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which states, in relevant part, "...a party may amend the party's pleading...by written consent of the adverse party...", the plaintiff amends her complaint to name Rainbow CT Holdings, Inc. as the sole defendant in this action. The plaintiff represents that the defendant's attorney has consented in writing to the plaintiff's request to submit a first substituted complaint. In filing the first substituted complaint, the plaintiff relies on the defendant's agreement not to assert a failure to exhaust defense based on the plaintiff's failure to name Rainbow CT Holdings, Inc. as a party in its complaint to the Equal Employment Opportunity Commission and the Connecticut Commission on Human Rights and Opportunities.

## I.   PRELIMINARY STATEMENT

1.  This action is brought against the Rainbow CT Holdings, Inc., pursuant to Title VII of the Civil Rights Act of 1964, as amended, in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the race discrimination suffered by the plaintiff when the defendant, Rainbow CT Holdings, Inc., refused to hire the plaintiff to the position of associate producer on account of the plaintiff's race and color.

2.  Moreover, this action is brought against the defendant Rainbow CT Holdings, Inc. pursuant to the Civil Rights Act of 1866 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, to redress the deprivation by the defendant, Rainbow CT Holdings, Inc., of rights secured to the plaintiff by the laws of the United States in that the defendant, Rainbow CT Holdings, Inc, refused to hire the plaintiff to the position of associate producer on account of the plaintiff's race and color.

3.  Additionally, this action is brought against the defendant, Rainbow CT Holdings, Inc., pursuant to the Connecticut Fair Employment Practices Act, Section 46a-51, et seq., in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory and punitive damages, and costs and attorney fees for the race discrimination suffered by the plaintiff when the defendant, Rainbow CT Holdings,

2

Inc., refused to hire the plaintiff to the position of associate producer on account of the plaintiff's race and color.

## II.    JURISDICTION

4.  This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

5.  This action also arises under the provisions of Title 42 U.S.C. §1981.

6.  Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. § 1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 1367, Title 28 U.S.C. § 2201(a), Title 42 U.S.C. § 1981, and Title 42 U.S.C. §2000e-5(f).

7.  This Court's jurisdiction is further conferred over the plaintiff's state law claims pursuant to the Court's supplemental jurisdiction.

8.  All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

> i.  A charge of employment discrimination on the basis of race and color was filed on or about December 30, 2004, with both the State of Connecticut Commission on Human Rights and Opportunities and with the United States Equal Employment Opportunity Commission,

3

which filing was within 180 days and 300 days of the commission of the unlawful employment practices alleged therein;

ii. By letter dated August 31, 2005, the plaintiff was issued a "Notice of Right to Sue" by the United States Equal Employment Opportunity Commission (a copy of which is attached and labeled Exhibit 1).

iii. On September 8, 2005, the State of Connecticut Commission on Human Rights and Opportunities issued a "Release of Jurisdiction" over the plaintiff's Connecticut Fair Employment Practices Act complaints (a copy of which is attached and labeled Exhibit 2).

9. Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory and punitive damages are sought pursuant to Title 42 U.S.C. §1981 and Title 42 U.S.C. §1981a.

10. The court possesses supplemental jurisdiction over the plaintiff's claims brought under the provisions of the Connecticut Fair Employment Practices Act.

11. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

### III.   VENUE

12. This action properly lies in the District of Connecticut pursuant to Title 29 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practices of which the plaintiff complains were committed in this judicial district.

### IV.   PARTIES

13. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in the State of Connecticut.

14. The plaintiff is an African-American whose color is black.

15. During all times mentioned in this action, the defendant, defendant, Rainbow CT Holdings, Inc., was and is a corporation doing business in the state of Connecticut. It is and, at all relevant times, was an employer within the meaning of the aforesaid statutes and, at all relevant times, engaged in an industry affecting commerce and employed more than fifteen individuals.

16. The defendant, Rainbow CT Holdings, Inc. is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

17. The defendant, Rainbow CT Holdings, Inc. is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

## V.   STATEMENT OF FACTS

18. The defendant, Rainbow CT Holdings, Inc., conducts business in the State of Connecticut as News 12 Connecticut, and it has a principal place of business at 28 Cross Street, Norwalk, CT 06851.

19. The plaintiff applied to the defendant, Rainbow CT Holdings, Inc., for employment as an associate producer in May of 2004.

20. The defendant, Rainbow CT Holdings, Inc., had openings for associate producers at the time the plaintiff applied for employment with the defendant as an associate producer.

21. The plaintiff possessed the necessary qualifications for employment with the defendant, Rainbow CT Holdings, Inc., as an associate producer.

22. Although the plaintiff was fully qualified for employment with the defendant, Rainbow CT Holdings, Inc., as an associate producer, the defendant rejected the plaintiff's application for employment and hired less qualified white applicants for the same position of associate producer instead of hiring the plaintiff.

23. The defendant, Rainbow CT Holdings, Inc., through its authorized agent, David Feureman, committed to the plaintiff that the defendant, Rainbow CT Holdings, Inc., would hire the plaintiff to the next opening in the associate producer position.

24. When the next opening occurred the defendant, Rainbow CT Holdings, Inc., refused to hire the plaintiff to the position of associate producer.

25. At the end of May of 2004, the plaintiff spoke with David Feureman, who again assured the plaintiff that the defendant, Rainbow CT Holdings, Inc., would hire her as an associate producer when an opening occurred.

26. David Feureman inquired as to whether the plaintiff was interested in "free lancing" for the defendant, Rainbow CT Holdings, Inc., until an opening occurred.

27. The plaintiff accepted the offer to work as a "free lance" producer for the defendant, Rainbow CT Holdings, Inc., in the belief that it would improve her chances for full time employment with the defendant, Rainbow CT Holdings, Inc., as an associate producer.

28. Although David Feureman informed the plaintiff at the end of May 2004 that there was no opening in the producer position, the defendant, Rainbow CT Holdings, Inc., hired three (3) other less qualified white applicants for the associate producers positions on or about June 6, 2004.

29. The plaintiff was assigned as an associate producer to work for the defendant, Rainbow CT Holdings, Inc., on June 22 and 23, 2004.

30. In July, the plaintiff spoke to David Feureman about the commitment he had made to the plaintiff about the defendant, Rainbow CT Holdings, Inc., hiring the plaintiff to a full-time associate producer position.

31. David Feureman informed the plaintiff that he was not "bull sh__ting" her. He stated that the people he expected to leave didn't. He further stated that there was an opening coming up soon. He related that an associate producer Rick Saleeby was leaving his employment with the defendant, Rainbow CT Holdings, Inc. soon.

32. Whereupon the plaintiff immediately inquired as to whether David Feureman, who was the hiring authority for the defendant, Rainbow CT Holdings, Inc., at News 12 Connecticut, planned to honor his commitment to the plaintiff and hire her as an associate producer when the vacancy occurred.

33. David Feureman assured the plaintiff that she would be hired as an associate producer when the next vacancy in the position occurred.

34. In the meantime, David Feureman informed the plaintiff that a more experienced producer, "Gwen", would be working closely with a newly hired associate producer before leaving her employment for a few weeks on a vacation.

35. David Feureman asked if the plaintiff wanted to fill in for the newly hired associate producer while Gwen, the more seasoned producer, worked with the newly hired producer before leaving on vacation.

36. Instead of assigning the plaintiff for the four weeks that Gwen was working with the associate producer and was on vacation, David Feureman assigned the time to another less qualified white male.

37. In August, after the defendant, Rainbow CT Holdings, Inc., posted an opening for an associate producer on its in-house web site, the plaintiff applied for a third time for an associate producer position with the defendant, Rainbow CT Holdings, Inc.

38. Although fully qualified for employment as an associate producer, the defendant, Rainbow CT Holdings, Inc., again refused to hire the plaintiff.

39. Although other vacancies in the associate producer's position became vacant since August of 2004, the defendant, Rainbow CT Holdings, Inc., on each occasion rejected the plaintiff for employment; instead it has continued to employ less qualified white applicants for the positions to which the plaintiff has applied.

40. During the time frame of which the plaintiff complains, the defendant, Rainbow CT Holdings, Inc., has not hired any individual of the black race as an associate producer.

41. During the time frame of which the plaintiff complains, the defendant, Rainbow CT Holdings, Inc., has not hired any African-American applicants as an associate producer.

42. The defendant, Rainbow CT Holdings, Inc., does not presently employ any individual who is either black or African-American as an associate producer.

## VI.   FIRST CAUSE OF ACTION (Unlawful Discrimination In Violation Of Title VII Of The Civil Rights Act Of 1964)

43-84. The plaintiff incorporates as if re-alleged paragraphs 1 through 42.

85. Because the plaintiff's race and color were motivating factors and made a difference in the decision by the defendant, Rainbow CT Holdings, Inc., to refuse to hire the plaintiff to the position of associate producer, the defendant, Rainbow CT Holdings, Inc., has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

86. The defendant, Rainbow CT Holdings, Inc., intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

87. As a result of the unlawful acts of the defendant, Rainbow CT Holdings, Inc., the plaintiff has suffered monetary losses in addition to suffering emotional distress.

**VII.    SECOND CAUSE OF ACTION (Unlawful Discrimination In Violation of Title 42 U.S.C. § 1981)**

88-129. The plaintiff incorporates as if re-alleged paragraphs 1 through 42.

130. Because the plaintiff's race and color were motivating factors and made a difference in the decision by the defendant, Rainbow CT Holdings, Inc., to refuse to hire the plaintiff to the position of associate producer, the defendant, Rainbow CT Holdings, Inc., violated the provisions of Title 42 U.S.C. § 1981.

131. The defendant, Rainbow CT Holdings, Inc., intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title 42 U.S.C. § 1981.

132. In claiming she was the victim of the intentional race discrimination of the defendant, Rainbow CT Holdings, Inc., when the defendant, Rainbow CT Holdings, Inc., rejected her numerous requests for employment as an associate professor, the plaintiff alleges a cognizable cause of action under Title 42 U.S.C. § 1981.

133. As a result of the unlawful acts of the defendant, Rainbow CT Holdings, Inc., the plaintiff has suffered monetary losses in addition to suffering emotional

11

distress.

134. The plaintiff satisfies the necessary prerequisites to bringing a cause of action against the defendant, Rainbow CT Holdings, Inc., in that she has filed this claim within three years of the discriminatory acts of which she complains.

## VIII.   THIRD CAUSE OF ACTION (Violation of the Connecticut Fair Employment Practices Act)

135-176. The plaintiff incorporates as if re-alleged paragraphs 1 through 42.

177. The actions of the defendant, Rainbow CT Holdings, Inc., constitute violations of the Connecticut Fair Employment Practices Act, Connecticut General Statutes §§ 46a-60(a) (1).

178. As a result of the unlawful acts of the defendant, Rainbow CT Holdings, Inc., the plaintiff has suffered monetary losses in addition to suffering emotional distress.

## IX.   **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

### A. First Cause of Action

  i. Declare the conduct engaged by the defendant, Rainbow CT Holdings, Inc., to be in violation of the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended;

  ii. Enjoin the defendant, Rainbow CT Holdings, Inc., from engaging in such conduct;

  iii. Award plaintiff equitable relief of instatement to the position of associate producer with back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

  iv. Award plaintiff compensatory and punitive damages;

  v. Award plaintiff costs and attorney fees; and

  vi. Grant such other and further relief as the Court may deem just and proper.

**B. Second Cause of Action**

     i. Declare the conduct engaged by the defendant, Rainbow CT Holdings, Inc., to be in violation of the plaintiff's rights under Title 42 U.S.C. § 1981;

     ii. Enjoin the defendant, Rainbow CT Holdings, Inc., from engaging in such conduct;

     iii. Award plaintiff equitable relief of instatement to the position of associate producer with back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

     iv. Award plaintiff compensatory and punitive damages;

     v. Award plaintiff costs and attorney fees; and

     vi. Grant such other and further relief as the Court may deem just and proper.

**C. Third Cause of Action**

     i. Declare the conduct engaged by the defendant, Rainbow CT Holdings, Inc., to be in violation of the plaintiff's rights under the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-60(a)(1).

     ii. Enjoin the defendant, Rainbow CT Holdings, Inc., from engaging in such conduct;

iii. Award plaintiff equitable relief of reinstatement to her employment with back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

iv. Award plaintiff compensatory and punitive damages;

v. Award plaintiff costs and attorney fees; and

vi. Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – ANN- MARIE ADAMS

BY

Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203) 337-4588
thomasbucci@earthlink.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN-MARIE ADAMS, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:05-cv-01482-WWE |
| | : | |
| VS. | : | |
| | : | |
| | : | |
| RAINBOW CT HOLDINGS, INC. | : | |
| Defendant. | : | NOVEMBER 17, 2005 |

## <u>CERTIFICATION</u>

THIS IS TO CERTIFY that on the 17th day of November, 2005, a copy of the foregoing **First Substituted Complaint** was sent via U.S. P.S. to the following:

Barbara E. Hoey, Esq.
Email: <u>bhoey@kelleydrye.com</u>
Anjna R. Kapoor, Esq.
Email: akapoor@kelleydrye.com
Kelley, Drye & Warren
101 Park Ave.
New York, NY 10178
Tel: 212-808-7800
Fax: 212-808-7879

_____
Thomas W. Bucci



EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ann-Marie Adams<br>239 Old Farms Road<br>Avon, CT 06001 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16A-2005-00488** | **Rance A. O'Quinn,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                             AUG 3 1 2005

Enclosure(s)                          **Robert L. Sanders,**                     *(Date Mailed)*
                                              **Area Office Director**

cc:   **RAINBOW MEDIA HOLDINGS, INC.**
      **28 Cross Street**
      **Norwalk, CT 06851**

                                              **Thomas W. Bucci**
                                              **Willinger, Willinger & Bucci, P.C.**
                                              **Attorneys At Law**
                                              **855 Main Street**
                                              **Bridgeport, Connecticut 06604**



COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

## RELEASE OF JURISDICTION

FORM 500(3)

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, <u>ex rel.</u>

<u>Ann Marie Adams</u>
Complainant

Date:  September 8, 2005

vs.

<u>Rainbow Media Holdings, Incorporated</u>
Respondent

CCHRO  CASE  NO.:  0520298
EEOC CASE NO.: 16aa500488

## <u>RELEASE OF JURISDICTION</u>

Pursuant to Complainant's and/or Complainant's attorney(s) request dated **August  25, 2005** the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes.  Also, in accordance with Section 46a-100, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

**Please be advised that, pursuant to CONN. GEN. STAT. §46a-103, the Complainant or Complainant's attorney <u>must serve</u> on the Commission, at 21 Grand Street, Hartford, Connecticut 06106 at the same time all other parties are served, a copy of any civil action filed pursuant to this release. The Commission must be so served because it has a right to intervene in any action filed based on a release of jurisdiction.**

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch as the complaint was timely filed in accordance with 46a-82 of the C.G.S. and the complaint has been pending for a period of not less than 210 days, inasmuch as it was filed on **December 30, 2004** and is still pending on **September 8, 2005** a period in excess of two hundred and ten (210) days.

Rev. 2/6/02

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from **August 29, 2005,** the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

<u>The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.</u>  The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

R. Hamisi Ingram
Executive Director

By: _____
Donald E. Newton
Chief of Field Operations

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this <u>8th</u> day of <u>September, 2005</u>.

cc: Complainant:  Ann Marie Adams
    Complainant's Attorney:  Attorney Thomas W. Bucci
    Receipt for Certified Mail 7003 2260 0006 5927 3152
    Respondent(s):  Personnel Department, Rainbow Media Holdings, Incorporated
    Respondent's Attorney: Attorney Michael P. Pappas
    Regional Manager: Tanya A. Hughes, Regional Manager
    Southwest Regional Office

Rev. 2/6/02